UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 8:18-cr-33-CEH-AAS

JASON PETER KENDALL
_____/

**ORDER**

This matter comes before the Court on Defendant Jason Peter Kendall's *pro se* "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" (Doc. 76). Kendall requests compassionate release based upon his alleged inability to receive appropriate medical services. *Id.* at 5. Specifically, he states that the Bureau of Prison's COVID-19 protocols have rendered him unable to properly treat, monitor, and/or screen for any recurrence of melanoma cancer. *Id.*; Doc. 85 at 3-4. Kendall also argues in a supplemental filing that the Third Circuit's decision in *United States v. Banks*, 55 F.4th 246, 250 (3d Cir. 2022), which held that the meaning of "loss" in U.S.S.G. § 2B1.1 includes only "actual losses," is an intervening change in law that should persuade the Court to reduce his sentence. Doc. 90 at 2. The Government filed a response in opposition. Doc. 77. The Court, having considered the motion and being fully advised in the premises, will deny the motion.

**I.    BACKGROUND**

On January 24, 2019, Kendall was sentenced to a term of 104 months' incarceration, to be followed by 36 months of supervised release, upon his guilty plea

to bank fraud, aggravated identity theft, utter forged and counterfeit security, and attempted bank robbery. Doc. 55 at 1-3. Now 41 years old, he is incarcerated at Allenwood Medium FCI with an anticipated release date of May 5, 2026. *See* https://www.bop.gov/inmateloc/ (last accessed October 25, 2023).

Kendall moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), first arguing that he should be released because of his alleged inability to screen for and treat melanoma cancer—which he previously recovered from—in the prison environment due to the Bureau of Prison's COVID-19 protocols. Doc. 85 at 3-4. In a supplemental pleading, Kendall asks the Court to reduce his sentence based on the theory that only "actual losses" should count toward the loss enhancement under U.S.S.G. § 2B1.1, which applies to "Larceny, Embezzlement, and Other Forms of Theft." Doc. 90 at 2. He argues that under *Concepcion v. United States*, 142 S. Ct. 2389, 213 L. Ed. 2d 731 (2022), the Court may consider intervening changes of law in deciding motions for compassionate release. *Id.*

In response, the Government states that "this Court may consider the merits of Kendall's request" but argues that he has not established that compassionate release is warranted. Doc. 77 at 10. The Government notes that the relevant portion of the Sentencing Commission's policy statement only applies to a defendant suffering from a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* at 11; U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I). The Government contends that Kendall does not have a medical

condition that qualifies as an extraordinary and compelling reason for release because his melanoma appears to have been resolved. Doc. 77 at 3. The Government has not responded to Kendall's argument related to U.S.S.G. § 2B1.1.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or

>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See Id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. DISCUSSION

#### A. Administrative Exhaustion

As a threshold matter, the Court finds that Kendall has not adequately exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. Aug. 31, 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Kendall included with his motion a March 9, 2021 request for compassionate release directed to his facility's warden and waited over 30 days for a response before filing the instant

---

in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

motion. Doc. 76 at 7. However, the Government provided Kendall's Administrative Remedies Log, which shows no request was submitted for a Reduction in Sentence Application during the relevant time. Doc. 77-2 at 2-3. Despite the Government's statement that "this Court may consider the merits of Kendall's request" because over 30 days from the date of Kendall's request passed before he filed the motion, the request must be included in the Administrative Remedies Log to be considered received. Doc. 77 at 10; *see United States v. Alomar-Baello*, No. 6:13-cr-266-JA-KRS, 2021 WL 982425, at *3 (M.D. Fla. Mar. 16, 2021) (defendant failed to exhaust administrative remedies where Administrative Remedies Log showed no request was received because under 28 C.F.R. § 542.18 "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received"); *United States v. Smith*, No. 8:17-cr-412-T-CEH-AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020) (defendant did not exhaust administrative remedies where the Government attached a copy of an Administrative Remedy Log reflecting that "no remedy data exists" for defendant). Here, there is no evidence of a request being made. The Court therefore finds that Kendall has not demonstrated that he has exhausted his administrative remedies, and his motion is due to be denied.

  **B. Extraordinary and Compelling Reason**

  Even if Kendall was able to satisfy administrative exhaustion, however, his motion is due to be denied as he has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, a defendant has the burden of establishing that a sentence reduction is warranted. 715

6

F.3d at 337. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, a defendant must show either (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that extraordinary and compelling reasons that permit the grant of compassionate release are exclusively defined by the policy statement of the Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Kendall is 41 years old and was not incarcerated until 2019. Thus, he does not qualify for compassionate release under subparagraph (ii) of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy section 3582(c)(1)(A)(i).

1. *Medical Condition*

Under the policy statement of U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(1), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A). Kendall claims that he is unable to properly

treat, monitor, and/or screen for melanoma due to the "restricted nature of the BOP's ongoing modified operations in regard[] to the COVID-19 pandemic." Doc. 76 at 5. The Government responds that it is "simply not true" that Kendall has a serious physical or medical condition as required under U.S.S.G. § 1B1.13, cmt. n.1(A), noting that Kendall was diagnosed with melanoma in 2011 but had a cancerous mole removed before undergoing chemotherapy. Doc 77 at 3. The Government states that "Kendall's records show that he is in good health." *Id.*; *see also* Doc. 80. In a supplemental pleading, Kendall clarifies that the "real issue" is how the Bureau of Prison's modified operations due to the COVID-19 pandemic have diminished his ability to engage in "self-care," which he defines as "the diligent monitoring and screening as well [as] subsequent swift action should any new or irregular growths present themselves." Doc. 85 at 3.

Kendall has not demonstrated an extraordinary and compelling reason for a reduction of his sentence under U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(1) because he has not demonstrated that he is currently suffering from a serious medical condition that substantially diminishes his ability to provide self-care within his prison facility and from which he is not expected to recover. Rather, Kendall states that he is concerned with "any new or irregular growths." *Id.* But there is no evidence before the Court that his cancer has returned or that he has any new or irregular growths. Kendall's claim is not that any condition diminishes his ability to provide self-care, but that the Bureau of Prison's COVID-19 protocols preclude him from receiving preventative medical care. *Id.* at 2-3. Such prospective concerns do not qualify as an extraordinary

8

and compelling reason under the Policy Statement. Finally, Kendall fails to show that he has a medical condition from which he is not expected to recover, as required by the U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

 2. *Other Reasons*

The fourth type of extraordinary and compelling reason listed in the policy statement, often described as a "catch-all" provision, provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n.1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d at 1243. Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *United States v. Giron,* 15 F.4th 1343, 1350 (11th Cir. 2021*)* (holding "district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and . . . only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision").

Kendall cites as additional rationale for a sentence reduction his argument that the Third Circuit's holding in *United States v. Banks*, which held that the meaning of "loss" in U.S.S.G. § 2B1.1 includes only "actual losses," is an intervening change in law that should persuade the Court to reduce his sentence. 55 F.4th 246, 250; Doc. 90 at 1-2. In *Banks*, the Third Circuit analyzed the meaning of a "loss" in the context of the loss enhancement for crimes such as larceny, embezzlement, and other forms of

theft and determined that the ordinary meaning of loss, which is "actual loss," should be used despite the Sentencing Commission's commentary including "intended losses." 55 F.4th at 255-58.  Kendall argues that under the Supreme Court's decision in *Concepcion v. United States*—which held that the Court may consider intervening changes in law in determining whether to grant a motion to reduce a sentence under the First Step Act—the Court may also consider intervening changes in law when deciding a motion for compassionate release. Doc. 90 at 2.  But as the Eleventh Circuit noted in the unpublished opinion of *United States v. Williams*, "[b]ecause *Concepcion* did not address compassionate release motions, it is not directly on point and does not directly conflict with or abrogate our precedent in *Bryant* and its progeny that, in determining whether a defendant is eligible for a sentence reduction under the compassionate release provisions, the district court is limited to 'the Commission's definition of "extraordinary and compelling reasons" found in [§] 1B1.13.'" *Williams*, No. 22-13150, 2023 WL 4234185, at *3 (11th Cir. June 28, 2023) (internal quotations and citations omitted). Because *Concepcion* is inapplicable to motions for compassionate release, Kendall's argument that *Banks* is an intervening change in law that should persuade the Court to reduce his sentence is unpersuasive. *Id.*  Because Kendall has not established the applicability of the policy statement's catch-all provision and he has not demonstrated that the Bureau of Prisons has approved it as extraordinary and compelling, his motion fails on this ground.

10

## IV.   CONCLUSION

Kendall has not exhausted his administrative remedies. But even if he had, the motion must be denied. Kendall has failed to demonstrate an extraordinary and compelling reason for release because, for the reasons discussed above, he has not established that he is currently suffering from a serious medical condition that substantially diminishes his ability to provide self-care within his prison facility and from which he is not expected to recover or a specific reason identified by the Bureau of Prisons pursuant to the Sentencing Commission's policy statement. U.S.S.G. § 1B1.13, cmt. n.1.[2]

Accordingly, it is **ORDERED:**

1.   Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 76) is **DENIED**.

**DONE AND ORDERED** in Tampa on October 30, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Jason Peter Kendall, *pro se*
Counsel of Record

---

[2] Because the Court has determined that Kendall is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *Giron*, 15 F.4th at 1347.